UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWIN JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-995-EGL |
| | ) | |
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Edwin Jones has been employed as a police officer by the City of Birmingham for over ten years. He brought this complaint against Birmingham for alleged discrimination and retaliation in violation of Title VII, as well as alleged age discrimination in violation of the Age Discrimination in Employment Act. Doc. 3 at ¶1. Birmingham moved to dismiss all counts in Jones's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 8 at 1. For the reasons stated within, that motion (Doc. 8) is due to be **GRANTED** and all of Jones's claims are to be **DISMISSED** without prejudice.

## BACKGROUND

Jones, a 55-year-old African American male,[1] has worked as a police officer with Birmingham since April 2014. Doc. 3 at ¶¶8, 17. Over the course of his

---

[1] Jones later claims to be 54 years old. Doc. 3 at ¶16. The distinction is irrelevant for purposes of his age discrimination claim.

employment, he has filed multiple EEOC charges and federal lawsuits, alleging discriminatory behavior by Birmingham and various employees. *Id.* at ¶¶19, 21, 22, 29. This complaint arises from his fifth EEOC charge, filed on March 21, 2025. *Id.* at ¶12. In the relevant EEOC charge of discrimination, Jones alleged that he was struck in the neck by Lieutenant Josh Osborne. Doc. 3-1 at 2.[2] He reported the incident to human resources, then filed a charge of discrimination with the EEOC, claiming that he was discriminated and retaliated against because he engaged in a protected activity, in violation of Title VII of the Civil Rights Act. *Id.* On March 25, 2025, Jones received a right to sue letter from the EEOC. Doc. 3-2 at 2. He filed a complaint in this Court on June 23, 2025, alleging race discrimination, retaliation, and age discrimination. *See generally* Doc. 1.

Jones alleges in his complaint that Birmingham has engaged in an ongoing effort to discriminate against him and to retaliate against him based on his prior complaints and federal suits. Doc. 3 at ¶30. Relevant to this lawsuit, Jones alleges that on September 23, 2024, Lieutenant Josh Osborne struck him in the neck because of his race, age, and in retaliation for his previous federal lawsuits. *Id.*

---

[2] The Court can consider the EEOC charge in analyzing Jones's complaint because it was attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

## STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347-48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Because Jones is defending against a motion to dismiss, the Court accepts his well-pleaded factual allegations as true and construes them in the light most favorable to him. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

## ANALYSIS

I.  **Counts I & IV: Race Discrimination**

Counts I and IV of Jones's complaint are substantially identical claims[3] of race discrimination, except Count I is brought under both Title VII and 42 U.S.C. § 1981. Jones has not properly alleged his claims under 42 U.S.C. § 1981, so those claims must be dismissed. Since Count I also includes a discrimination claim under Title VII, the Court will consider those allegations separately.

Birmingham is a state actor, and Jones cannot sue it directly under 42 U.S.C. § 1981, but must do so through the enforcement mechanism of 42 U.S.C. § 1983. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) ("Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983."). In his response, Jones does not argue that he brought his claim properly pursuant to § 1983. Doc. 10 at 3. He instead claims that although his complaint did not "specifically cite to 42 U.S.C. § 1983," "the contents of the Complaint and the allegations made therein are sufficiently pled under 42 U.S.C. § 1981." *Id.* His response holds no merit. His claims cannot be "sufficiently pled" because

---

[3] The minor differences are as follows: (1) Count I cites both 42 U.S.C. § 1981 and Title VII, while Count IV cites only § 1981; (2) Count I describes Osborne's alleged strike only as "assault," while Count IV describes it as both "assault and battery"; and (3) Count I alleges that the City of Birmingham allows and condones discrimination based on both race and retaliation, while Count IV mentions only race. *See* Doc. 3 at ¶¶34-37, 47-50.

Birmingham is a state actor and he did not bring his claims via 42 U.S.C. § 1983. Count IV must be dismissed, and the Court will consider Count I as only being brought under Title VII.

Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual" or to discriminate against him "with respect to his compensation, terms, conditions, or privileges of employment" because of his race. 42 U.S.C. § 2000e-2(a). To make out a *prima facie* case of racial discrimination, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he faced an adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). While Jones does not have to plead the elements of a *prima facie* case to survive a motion to dismiss, he must provide "enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

Jones brings his Title VII race discrimination claim based on an alleged incident of assault by Lieutenant Osborne. Doc. 3 at ¶¶30, 34. There is no factual allegation in the complaint that would support the conclusory assertion that this assault was "because of [Jones's] race." *Id.* at ¶34. Jones claims Osborne was "known to strike African Americans," *id.* at ¶30, and that the assault was meant to

5

discriminate against him because of his race, but these allegations are merely "'naked assertion[s]' devoid of 'further factual enhancement,'" which do not suffice at this stage. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Jones's assertion that Osborne struck him "because of his race" is merely a legal conclusion that is "not entitled to the assumption of truth." *Id.* at 679. At this stage, Jones's mere "unadorned, the-defendant-unlawfully-harmed-me-accusation" does not state a claim for relief. *Id.* at 678.

The facts in Jones's complaint, taken as true, indicate that Osborne treated Jones poorly, but they do not support an inference of race discrimination. *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1317 (11th Cir. 1994) ("Title VII simply does not require employers to treat their employees with kindness."). Count I must be dismissed for failure to state a claim.

## II.   Count II: Retaliation

To state a Title VII retaliation claim, a plaintiff must allege that he (1) engaged in statutorily protected activity; (2) suffered an adverse employment action; and (3) that there was some causal relation between the two events. *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020). Jones has not alleged any facts to support the third element—a causal connection—and this claim must be dismissed.

The first element is not at issue because Jones has sufficiently alleged that he engaged in statutorily protected activity by filing EEOC charges and lawsuits. While

Birmingham argues that Jones has not alleged an "adverse employment action" based on the assault, Doc. 8 at 7, the standard for this element is slightly lower "and is more easily satisfied [] than the standard applicable to claims of discrimination." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020). In the retaliation context, mistreatment is actionable if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," even if it does not "rise[] to the level of a tangible employment action." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Taking Jones's allegations as true, an assault by a supervisor is an action that might dissuade a reasonable person from making a charge of discrimination.

Even assuming he pleads a sufficient "adverse action," the claim must be dismissed because Jones fails to allege a causal connection between his discrimination charges and the assault by Osborne. This element requires a plaintiff to show "that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000)). At the motion-to-dismiss stage, a plaintiff must allege at least the casual-connection element and show that the individual accused of retaliatory mistreatment was aware of the protected conduct. *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012);

*Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020) ("As a starting point for any retaliation claim, a plaintiff needs to show (among other things) that the decisionmaker actually knew about the employee's protected expression."). Here, Jones would need to allege that Osborne was aware of his EEOC charges and lawsuits, and that the assault and the lawsuits were not wholly unrelated. He does not do so.

Jones has not alleged any facts to show that Osborne was aware of his previous EEOC charges and lawsuits. *See generally* Doc. 3. This failure is fatal to his claim. *Uppal*, 482 F. App'x at 397 (holding that the plaintiff failed to allege any kind of causal relationship between the protected conduct and the adverse employment action when she did not allege that the decisionmaker was aware of the protected conduct). In Count II, Jones vaguely alleges that the "assault is retaliation for [his] previous EEOC complaints and federal lawsuits." Doc. 3 at ¶38. He does not support this conclusory statement with any facts alleging Osborne's knowledge. The Court cannot infer this essential causal link when Jones has not alleged any facts supporting a connection between his protected activity and the alleged assault, and Count II thus must be dismissed.

### III.  Count III: Age Discrimination

The Age Discrimination in Employment Act prohibits employers from discriminating against an individual "with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The act limits its application to individuals who are at least 40 years old. 29 U.S.C. § 631(a). Jones is 55 years old and alleges that he was subjected to assault "because of [his] age." Doc. 3 at ¶¶8, 43. To assert an action under the ADEA, Jones must allege that his age was the "but-for" cause of an adverse employment action. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). Jones has alleged no facts to show that his age was a cause, much less the "but-for" cause, of the alleged assault. Jones cannot assert an ADEA claim just because he is over forty and was treated poorly. He claims that the "assault and battery [was] because of [his] age," Doc. 3 at ¶43, but the Court is not required to accept this legal conclusion as true. *Iqbal*, 556 U.S. at 678-79. There are no allegations from which the Court could infer that the assault was in any way related to Jones's age and Count III must be dismissed.

## CONCLUSION

The City of Birmingham's Motion to Dismiss (Doc. 8) is **GRANTED**. Plaintiff Jones's claims are **DISMISSED** without prejudice.

**DONE** and **ORDERED** this 17th day of February, 2026.

_____
**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE